# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic JAMES R. SMITH, JR.
### United States Air Force

## ACM S32261

## 7 October 2015

Sentence adjudged 5 August 2014 by SPCM convened at Minot Air Force Base, North Dakota. Military Judge: Joshua E. Kastenberg (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $950.00 per month for 4 months, and a reprimand.

Appellate Counsel for the Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Major Roberto Ramirez and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

In accordance with his pleas and pursuant to a pretrial agreement, Appellant was found guilty by a military judge sitting alone of failing to obey a lawful order, wrongful use of marijuana on divers occasions, wrongful use of Oxycodone, and breaking restriction on divers occasions in violation of Articles 92, 112a, and 134, UCMJ, 10 U.S.C. §§ 892, 912a, 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 3 months, forfeiture of $950.00 pay per month for 4 months, and a reprimand. The convening authority approved the sentence as adjudged.

*Relief for Post-Trial Processing Delay*

Appellant was tried on 5 August 2014. Action occurred on 28 August 2014. The case was docketed with this court on 8 October 2014. On appeal, Appellant argues this 41-day period from action to docketing with this court requires relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). The Government does not dispute the 41-day period, but argues that the facts and circumstances surrounding any post-trial delay do not warrant relief in this case.

In *United States v. Moreno*, the Court of Appeals for the Armed Forces established certain post-trial processing time standards. 63 M.J. 129, 142 (C.A.A.F. 2006). If a case is not docketed with the respective service court within 30 days of convening authority action, the processing is presumptively unreasonable. *Id.* Additionally, through powers under Article 66(c), UCMJ, 10 U.S.C. § 866(c), the Courts of Criminal Appeals have authority to grant relief for excessive post-trial delay if they determine relief is appropriate. *Tardif*, 57 M.J. at 224.

In this case, the Government's post-trial processing exceeded the initial 30-day standard by 11 days. Consequently, that post-trial delay is presumptively unreasonable. To assess a presumptively unreasonable delay, we typically examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay, (2) the reasons for the delay, (3) the appellant's assertion of the right to timely review and appeal, and (4) prejudice. *Moreno*, 63 M.J. at 135–36. When we assume unreasonable delay but are able to directly conclude that any error was harmless beyond a reasonable doubt, we need not engage in a separate analysis of each factor. *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). That approach is appropriate in Appellant's case. Appellant does not allege, nor do we find in the record, any prejudice from this 11-day delay. We conclude that any error was harmless beyond a reasonable doubt.

Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24–25 (C.A.A.F. 2006) (concluding that the appellant was denied due process right to speedy review and appeal despite an inability to establish specific prejudice). In *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), we identified a list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Those factors include how long the delay exceeded appellate review standards, the reasons for the delay, whether the government acted with bad faith or gross indifference, evidence of institutional neglect, harm to the appellant or to the institution, whether relief is consistent with the goals of both justice and good order and discipline, and whether this court can provide any meaningful relief. *Id.* No single factor is dispositive and we may consider other factors as appropriate. *Id.*

Having considered the totality of the circumstances and entire record, we find the period of 41 days from action to docketing of the case in this court, while unexplained, was not excessive or egregious under *Tardif*.  Further, we find overall post-trial processing was otherwise timely and reasonable. Accordingly, we conclude that any delay in Appellant's post-trial review and appeal was harmless beyond a reasonable doubt, and no relief is warranted.

*Conclusion*

The findings of guilty and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred.  Articles 59(a) and 66(c), UCMJ.  Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court